UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 10-20027-D2

HON. DENISE PAGE HOOD

v.

VICTOR MANUAL SOTO-ESEBERRE (D-2)

    Defendant.

_____/

ORDER REGARDING DEFENDANT'S MOTION FOR
JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL

I.     BACKGROUND

On May 9, 2012, Defendant Victor Manual Soto-Eseberre filed this Motion for Judgment of Acquittal under Fed. R. Civ. P. 29 and/or a Motion for New Trial under Fed. R. Civ. P. 33. A response and reply have been filed.

A First Superseding Indictment was filed on November 2, 2010 charging Soto-Eseberre with two counts:  Aiding/Abetting Possession with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One) and Conspiracy to Distribute and to Posses with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1)  (Count Two).  A jury trial was held and on November 18, 2011, the jury found Soto-Eseberre not guilty on Count One, but guilty on Count Two of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute more than 5 kilograms of Cocaine.  (Verdict, DE #92)

Soto-Eseberre's argument is that the Government failed to prove all of the elements required to sustain a conviction in Count Two, specifically that Soto-Eseberre participated in a drug

conspiracy and that the defense witness, co-defendant Alejandro Hernandez, was not credible. The Government responds that there was sufficient evidence at trial to support a guilty finding on the conspiracy charge and that Hernandez' testimony was not inherently incredible.

## II.   ANALYSIS

### A.   Motion for Judgment of Acquittal under Fed. R. Crim. P. 29

Soto-Eseberre claims requests a judgment of acquittal under Fed. R. Crim. P. 29 based on insufficient evidence to support the conspiracy conviction. To support a motion for judgment of acquittal the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Jackson*, 473 F.33d 660, 669 (6th Cir. 2007). The Court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict. *Id*. at 669-70. The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses. *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th Cir. 2011). There is a strong presumption in favor of sustaining a jury conviction. *United States v. Peters,* 15 F.3d 540, 544 (6th Cir. 1994).

The elements of a conspiracy are: (1) an object to be accomplished; (2) a plan or scheme embodying the means to accomplish that object; (3) an agreement or understanding between two or more [individuals] whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement, or by any effectual means. *United States v. Caver,* 470 F.3d 220, 232 (6th Cir. 2006). In the context of a conspiracy to violate the federal drug

laws, "the government must prove, beyond a reasonable doubt, (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *Id.* (internal quotations and citations omitted). "Proof of a formal agreement is not required to establish a conspiracy; a tacit or material understanding among the parties is sufficient." *United States v. Driver,* 535 F.3d 424, 429 (6th Cir.2008). Proof of these elements may be by direct or circumstantial evidence. *United States v. Meyers*, 646 F.2d 1142, 1144 (6th Cir.1981). A jury may infer agreement, knowledge, and participation in the common purpose and plan of a conspiracy based on a defendant's actions and reactions to the circumstances. *United States v. Barrett,* 933 F.2d 355, 359 (6th Cir. 1991). Inferential proof is the "norm in drug conspiracy prosecutions." *United States v. Green*, 548 F.2d 1261, 1266 (6th Cir.1977).

Soto-Eseberre argues that the only connection the Government can create between Hernandez and Soto-Eseberre is his presence at the scene of a drug raid and Hernandez' own incredible testimony. Soto-Eseberre asserts that Hernandez admitted at trial that he lied to federal agents after his arrest. Soto-Eseberre claims that he was never mentioned in any capacity in the information provided by the confidential informant and the source of information numbers 1 and 2 prior to the raid. Soto-Eseberre further claims that on direct examination, Hernandez testified he stored and tried to distribute cocaine. On cross-examination, Soto-Eseberre argues that Hernandez testified that he was not a drug trafficker but worked as a trainer and that he merely knew people that sell drugs.

The Court finds that Soto-Eseberre has not carried his heavy burden under Rule 29. A review of the record shows that, after making all reasonable inferences and credibility findings to support the verdict, the Court concludes that the Jury's finding is based on legally sufficient

evidence and testimony at trial. Soto-Eseberre's main argument under Rule 29 is that Hernandez' testimony is not credible. Soto-Eseberre invites the Court to judge the credibility of Hernandez' testimony, which the Court is not permitted to do under Rule 29. *Ramirez,* 635 F.3d at 255-56. The Court will not substitute its judgment for that of the jury, independently weigh the evidence, nor judge the credibility of trial witnesses. Any discrepancies in Hernandez' testimony were vigorously cross-examined by defense counsel. The Jury found Soto-Eseberre guilty in spite of the discrepancies in Hernandez' testimony at trial, finding that Hernandez' testimony credible as to Soto-Eseberre's role in the conspiracy.

The evidence at trial, including Hernandez' testimony, viewed in the light most favorable to the Government, supports the Jury's verdict that Soto-Eseberre conspired with others to distribute and possess with intent to distribute more than 5 kilograms of cocaine. *Caseer,* 399 F.3d at 839. DEA Special Agent Jeffrey Moore testified that a DEA informant, "Carlito," arranged to purchase from Hernandez, 12 kilograms of cocaine. (Page (P.) ID 1050, 1053) Hernandez arranged for shipment of cocaine to Hernandez' farm with a cocaine supplier in Arizona, "Luis." (P. ID 822) On December 20, 2009, Carlito went to the farm in the afternoon to meet with Hernandez so that Carlito could see a "brick" of cocaine. (P. ID 886, 1057) Carlito was to return later in the day to bring the cash and complete the transaction. (P. ID 886) Federal agents later arrived at Hernandez' farm to execute a search warrant. (P. ID 886, 892) Hernandez was in the barn at the door by the storage room and Soto-Eseberre was inside the storage room where the transaction with Carlito was to be completed. (P. ID 892, 903)

Hernandez testified that on December 1, 2009, he met with Carlito who asked him if he had cocaine. (P. ID 821) Hernandez indicated that cocaine would be delivered to Hernandez at his farm.

(P. ID 822)  Hernandez testified that Luis, the supplier, would send a person to assist with the transaction. (P. ID 832)  Hernandez was directed by Luis to pick up a man at the airport.  (P. ID 833) Hernandez identified the man as Soto-Eseberre.  (P. ID 834)  Luis indicated to Hernandez that the man he picked up at the airport was going to direct Hernandez as to how to handle the transaction. (P. ID 833-34) Soto-Eseberre told Hernandez that the cocaine would arrive in a semi-truck and also told Hernandez that the reason for the delay of the shipment was because of a snowstorm in Oklahoma.  (P. ID 834-35, 838)  Hernandez testified that when two other men arrived at the farm with California license plates, it was Soto-Eseberre who met them, asking Hernandez if the two men could stay at the farm.  (P. ID 838)  Soto-Eseberre then borrowed Hernandez' red Explorer so that Soto-Eseberre and the other two men could drive to New York.  Hernandez indicated that they did not want to drive their SUV since it had California license plates.  (P. ID 839)

On December 19, 2009, Hernandez testified that Soto-Eseberre called him to let him know that the semi-truck with the cocaine would be arriving later that day.  (P. ID 842)  Soto-Eseberre indicated to Hernandez that he and the other two men would be returning that day.  (P. ID 842)  At around 11:00 p.m., Hernandez testified that he, Soto-Eseberre and the other two men were outside his house when one of the other two men received a phone call that the semi-truck would be arriving shortly.  (P. ID 843)  The semi-truck arrived and the drugs were unloaded. (P. ID 845-46) Hernandez indicated that the drugs were wrapped in a blanket.  (P. ID 847)  The drugs were then dragged to the storage room in the barn where the blankets were opened by one of the men and Soto-Eseberre. (P. ID 848-50) The bricks of cocaine were placed in three grain sacks which were offered by Hernandez. (P. ID 852, 854)  The three sacks were then taken to the shed where Hernandez had an old car parked.  (P. ID 854)  Hernandez opened the trunk of the car and the two men and Soto-

5

Eseberre placed the three sacks in the trunk of the car. (P. ID 856) Soto-Eseberre and the two men then left the farm to go to a motel for the night. (P. ID 856)

Soto-Eseberre called Hernandez on December 20, 2009 indicating he was returning to the farm. (P. ID 860) Prior to the raid, a transaction occurred with a man with Ohio plates. (P. ID 865-70) A bag of cash was given to Hernandez. (P. ID 871) Soto-Eseberre then told Hernandez to put up the money. (P. ID 871-72) Hernandez placed the money in a dresser in his home; the money was later seized during the raid. (P. ID 872) Another transaction was made to another individual, "Flip." (P. ID 872) Prior to the scheduled buy with Carlito, Hernandez and Soto-Eseberre placed the agreed 12 kilos in the small storage room in the barn. (P. ID 891) When the agents came to execute the search warrant, both Hernandez and Soto-Eseberre were in the barn. (P. ID 892)

Based on Hernandez' testimony, there is sufficient evidence to support the Jury's finding that Soto-Eseberre participated in the conspiracy to distribute more than 5 kilograms of cocaine. Without weighing Hernandez' credibility, which this Court cannot do in a Rule 29 motion, the jury's verdict supports the finding that Soto-Eseberre agreed with others to violate drug laws, that he had knowledge and intent to join the conspiracy, and that he participated in the conspiracy. Soto-Eseberre's Motion for Judgment of Acquittal under Rule 29 must be denied.

### B. Motion for New Trial under Fed. R. Crim. P. 33

Alternatively, Soto-Eseberre seeks a new trial under Rule 33 "in the interest of justice" based on the incredible testimony of Hernandez. Soto-Eseberre does not raise any other trial errors made during trial. The Government responds that there was sufficient evidence to support the Jury's verdict of guilty as to Count Two.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the

court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of the witnesses; "[i]t has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991).

Viewing the evidence as a "thirteenth juror," the Court finds that the Jury's verdict was not against the manifest weight of the evidence. Weighing Hernandez' credibility as allowed under a Rule 33 motion, the Court finds that even though Hernandez gained from cooperating with the Government in its prosecution against Soto-Eseberre and there may have been some discrepancies in his testimony, these issues were sufficiently challenged by the defense on cross-examination. Despite his cooperation, Hernandez was still facing time in prison. Hernandez' credibility was raised at trial, but the Court finds his testimony was not inherently incredible. Other testimony by the agents at the time of the execution of the search warrant confirms that Soto-Eseberre was in the barn storage room at the time of the arrest. Although the agents did not know about Soto-Eseberre prior to the search, Hernandez' testimony that the supplier, Luis, had sent an individual to assist in the transaction was credible in order to support the conspiracy. The Court finds that the Jury's verdict was not against the manifest weight of the evidence presented at trial. Soto-Eseberre's

alternative Motion for New Trial must be denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Victor Manual Soto-Eseberre's Motion for Judgment of Acquittal under Fed. R. Civ. P. 29 and Fed. R. Civ. P. 33 **(DE # 110, filed May 9, 2012)** is DENIED.


                                                  S/Denise Page Hood  
                                                  Denise Page Hood  
                                                  United States District Judge

Dated: August 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2012, by electronic and/or ordinary mail.

                                                  S/LaShawn R. Saulsberry  
                                                  Case Manager